UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RUSSELL GRUBER<br>　　Plaintiff, | §<br>§<br>§ | |
| vs. | §<br>§ | _____<br>Civil Action Number |
| STATE AUTO PROPERTY &<br>CASUALTY INSURANCE COMPANY<br>AND NATALIE THOMAS<br>　　Defendants. | §<br>§<br>§<br>§<br>§ | <br><br>Jury |

## DEFENDANTS' NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendants, State Auto Property and Casualty Insurance Company ("State Auto") and Natalie Thomas (hereinafter "Thomas"), file this Notice of Removal pursuant to 28 U.S.C. §1446(a), and respectfully show as follows:

### I.
### INTRODUCTION

1. Plaintiff is Russell Gruber ("Plaintiff"); Defendants are State Auto Property & Casualty Insurance Company and Natalie Thomas (hereinafter collectively referred to as "Defendants"). There are no other parties. *See* Plaintiff's Original Petition, attached as Exhibit "A - 1".

2. On April 14, 2016, Plaintiff filed Cause No. 16-04-55841-CV, *Russell Gruber vs. State Auto Property & Casualty Insurance Company and Natalie Thomas* in the County Court of Law of Jim Wells County, Texas ("State Court Action"). *See* Exhibit "A - 1". Plaintiff's suit alleges breach of contract, violations of the Texas Insurance Code, fraud, conspiracy to commit fraud, and breach of the duty of good faith and fair dealing, relating to damage allegedly suffered at Plaintiff's home located at 102 Carla Cove, Alice, Texas 78332. *See* Exhibit "A - 1".

3. A citation was issued and State Auto Property & Casualty Insurance Company was served on April 18, 2016. *See* Exhibit "A – 6" and Affidavit of Sherri King attached as Exhibit "B". Natalie Thomas was served on April 19, 2016. *See* Exhibit "A-7" and Affidavit of Natalie Thomas attached as Exhibit "C." Defendants file this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b). *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007). Defendants filed its Answer in the state court action and demanded a trial by jury, but are filing their First Amended Answer herewith. *See* Exhibit "A-9." Defendants demand a trial by jury in this Court.

4. Plaintiff has not filed any amended pleadings and no additional parties have been joined.

## II.
## REMOVAL BASED ON DIVERSITY JURISDICTION

5. Pursuant to 28 U.S.C. §1332(a), Defendants remove this case as it involves a controversy between parties of diverse citizenship and an amount in controversy that exceeds $75,000.

6. Plaintiff is a citizen of Texas. *See* Exhibit "A - 1". State Auto Property & Casualty Insurance Company is a foreign corporation organized under the laws of the state of Iowa with its principal place of business located at 518 E. Broad Street, Columbus, Ohio 43215. *See* Exhibit "B." Thomas is a citizen and resident of Ohio. *See* Exhibit "C."

7. Additionally, the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. §1332(a). Plaintiff's Original Petition purports to seek only "monetary relief of less than $75,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees." *See* Exhibit "A – 1." However, Plaintiff's Original Petition also states, "Plaintiff prefers to have the jury determine the fair amount of compensation for Plaintiff's damages. It is early in the case to be assessing the full nature and scope of Plaintiff's damages,

and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury's hands." *See* Exhibit "A-1." Plaintiff has not included with his Original Petition any type of affidavit limiting the amount of relief sought or a binding stipulation limiting damages. *See* Exhibit "A – 1." It is well-established that "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints. . . ." *De Aguilar v. Boeing Company*, 47 F.3d 1404, 1412 (5th Cir. 1995). Plaintiff's assertion that it seeks monetary relief of only $75,000.00 or less violates Texas Rule of Civil Procedure 47(b) and serves no purpose other than to avoid federal jurisdiction. *See id.* at 1408. Specifically, Rule 47(b) requires only "a statement that the damages sought are within the jurisdictional limits of the court" and that the party seeks "only monetary relief of only $100,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees." Tex. R. Civ. P. 47(b) – (c). The United States District Court for the Southern District of Texas permitted removal under similar facts in *Noyola v. State Farm Lloyds*. *Noyola v. State Farm Lloyds*, No. 7:13-CV-146, 2013 WL 3353963 (S.D. Tex., July 3, 2013)[1]. In *Noyola*, plaintiff's original petition sought damages "inclusive of attorney fees, in an amount not exceeding $75,000.00." *Id.* at *1. In permitting removal, the U.S. District Court for Southern District of Texas McAllen Division noted that the Texas Rules of Civil Procedure prohibited plaintiff from pleading for a specific sum of damages in such cases involving unliquidated damages. *Id.* at *2. In particular, the court noted that plaintiff's attempt to limit damages to a sum below $75,000.00 was a mere attempt to avoid federal jurisdiction and constituted bad faith. *Id.* Therefore, the court concluded that the amount demanded in the complaint was not determinative of the amount in controversy. *Id.* Similar to *Noyola*, Plaintiff's attempt to limit damages to $75,000.00 or less without a signed affidavit or

---

[1] Defendant notes that this is an unpublished case and does not serve as binding precedent, but has referenced it here due to factual similarities with the instant case.

binding stipulation is merely an attempt to divest this Court of jurisdiction and does not control whether this case is removable to this Court.

8.      When ambiguities as to the amount in controversy exist, the defendant may support federal jurisdiction by establishing facts in the removal petition or by affidavit to illustrate that the amount in controversy is in excess of $75,000.00.  *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003).  Pre-suit demand letters can be considered to determine the amount in controversy.  *See e.g.*, *Molina v. Wal-Mart Stores Texas, L.P.*, 535 F.Supp.2d 805, 807-08 (W.D. Tex. 2008) (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998)).  Plaintiff tendered a demand to Defendants dated April 13, 2016, seeking damages totaling $57,000.00, which included $32,000.00 in economic damages, $15,000.00 in mental anguish damages, and $10,000.00 for expenses. *See* Exhibits "B" and "C."   Statutory penalties and punitive damages must be considered in determining the amount of controversy, so long as they are recoverable under state law.  *See St. Paul Reinsurance Co., Ltd.*, 134 F.3d at 1253.  Plaintiff's Original Petition seeks punitive damages under the Texas Insurance Code.  *See* Exhibit "A-1."  Punitive or treble damages are properly considered to reach the amount in controversy for purposes of removal.  *See e.g.*, *Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002) (considering treble and exemplary damages in finding that plaintiff's claimed damages far transcended the $75,000 amount in controversy requirement).  Treble damages on the amount of economic damages claimed in Plaintiffs' demand would amount to $96,000.00.  This sum alone satisfies the amount in controversy without even considering additional exemplary sums that may be claimed for mental anguish or attorney fees.  Based upon the amount of damages sought in Plaintiff's demand and the relief sought in Plaintiff's Original Petition, it is clear that Plaintiff's improper limitation of damages in his Original Petition was

nothing more than an attempt to prevent removal to this Court. As such, the amount in controversy set forth in the demand illustrates that the jurisdictional amount in controversy is in excess of $75,000.00.

9. All Defendants, namely State Auto Property & Casualty Insurance Company and Natalie Thomas, join together in this Notice of Removal; therefore, no additional consent is needed for the removal of this case to federal court.

10. An Index of Exhibits is attached as Exhibit "A". Copies of all pleadings, process, orders, and other filings in the State Court Action are attached to this notice as Exhibits "A - 1" through "A - 10", as required by 28 U.S.C. §1446(a).

11. Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this District and within this Division.

12. State Auto will promptly file a copy of this Notice of Removal with the clerk of the court in the pending State Court Action.

### III.
### JURY DEMANDED

13. Both Plaintiff and Defendants requested that this matter be heard by a jury in the state court action. Defendants request that this matter be heard by a jury in this Court.

### IV.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants State Auto and Thomas pray that this case be removed to the United States District Court for the Southern District of Texas, Corpus Christi Division, and that further proceedings in the State Court Action be discontinued, and that this Court assume full jurisdiction over such action as provided by law.

Case 2:16-cv-00151   Document 1   Filed in TXSD on 05/12/16   Page 6 of 6

Respectfully submitted,

___/s/ Sterling Elza_____
Sterling Elza
Attorney-In-Charge
State Bar No. 24026823
Southern District of Texas Bar No. 1043963
Alicia A. Murphy
State Bar No. 24095005
Southern District of Texas Bar No. 2717568
306 West 7th Street, Suite 200
Fort Worth, Texas  76102-4905
Tel:  817/332-1391
Fax:  817/870-2427
Email: selza@browndean.com
         amurphy@browndean.com

**ATTORNEY FOR DEFENDANTS,
STATE AUTO PROPERTY & CASUALTY
INSURANCE COMPANY AND
NATALIE THOMAS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing was served upon the Plaintiff by serving his counsel of record, Andrew C. Cook and David M. Anderson, Cook & Anderson Law Firm, PLLC, 101 N. Shoreline Blvd., Suite 420, Corpus Christi, Texas 78401, (361) 884-4434, and Robert C. Hilliard, John B. Martinez, and Juan Reyna, Hilliard, Munoz, Gonzales, LLP, Shoreline Terrace, 719 S. Shoreline, Suite 500, Corpus Christi, Texas 78401, (361) 882-3015, via fax and certified mail, return receipt requested, in accordance with Rules 21 and 21(a) of the Texas Rules of Civil Procedure, on this the 12th day of May, 2016.

 _/s/ Sterling Elza_____
Sterling Elza

*DEFENDANTS' NOTICE OF REMOVAL*                                                                                         Page 6