UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RUSSELL GRUBER, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:16-CV-00151 |
| § | |
| STATE AUTO PROPERTY AND § | |
| CASUALTY INSURANCE COMPANY, § | |
| *et al*, § | |
| § | |
| Defendants. § | |

## ORDER ON MOTION TO REMAND

Defendants State Auto Property & Casualty Insurance Company and Natalie Thomas timely removed this insurance dispute to this Court pursuant to diversity jurisdiction, 28 U.S.C. § 1332. Plaintiffs filed their Motion to Remand (D.E. 7), conceding the diverse citizenship of the parties, but stating that the required amount in controversy of 28 U.S.C. § 1332(a) has not been met.

Plaintiff's Original Petition expressly states that he seeks "less than $75,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees." D.E. 1-3, p. 17, ¶ 70. Defendants argue that this representation is not binding, is contradicted by Plaintiff's request for a jury to liquidate damages, and that Plaintiff's demand letter, when juxtaposed against his claims that include punitive, exemplary, or additional damages, renders a sum sought that exceeds $75,000. D.E. 1, 8. In response, Plaintiff filed a stipulation, signed by his attorney, stating that Plaintiff will not seek damages in excess of $75,000 in this lawsuit. D.E. 6.

The jurisdictional facts supporting removal must be judged at the time of the removal. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995). However, if the basis for jurisdiction is ambiguous at the time of removal, the Court may consider post-removal affidavits to clarify or confirm jurisdictional facts. *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000); *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir.1993).[1]

The problem here is that Plaintiff's stipulation does not expressly state that he "will not accept" damages in an amount in excess of $75,000. *See, Wear v. American Time Mfg.*, No. SA–12–CV–763–XR, 2012 WL 6629603, 2012 U.S. Dist. LEXIS 179288, *5 (W.D. Tex. Dec.19, 2012) (a stipulation without the "I will not accept" language was insufficient). While this Court is reluctant to require any magic words for the stipulation, the Court also acknowledges that Defendants' construction of Plaintiff's pleading is plausible and could prompt a jury to assess damages well in excess of $75,000.

Thus some ambiguity persists. To resolve this ambiguity consistent with the Court's duty to construe matters in favor of remand while discouraging manipulation of federal jurisdiction, the Court takes this matter under advisement and ORDERS Plaintiff to file, on or before seven days from the date of this Order, a more definitive affidavit or stipulation limiting the damages that may be awarded to him to $75,000 or less, exclusive

---

[1] The ANPAC case was abrogated on other grounds—the order in which subject matter and personal jurisdiction challenges should be addressed—in *Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir.1998), *rev'd*, 526 U.S. 574 (1999).

of interest and costs, if he indeed intended to limit himself. Should Plaintiff fail to file such an affidavit or stipulation, the Court will enter an appropriate order with respect to the motion to remand.

    ORDERED this 14th day of June, 2016.

                                                           _____
                                                          NELVA GONZALES RAMOS
                                                          UNITED STATES DISTRICT JUDGE